UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CASTRO V. DECASTRO,<br><br>            Petitioner,<br>   v.<br><br>ROBERT LEGRAND, et al.,<br><br>            Respondents. | Case No. 3:14-cv-00529-RCJ-WGC<br><br>ORDER |

This counseled habeas matter under 28 U.S.C. § 2254 is before the court on respondents' motion to dismiss petitioner Castro V. DeCastro's first-amended petition (ECF No. 36). DeCastro has opposed (ECF No. 37), and respondents replied (ECF No. 38).

**I.    Procedural History and Background**

On September 4, 2009, a jury convicted DeCastro of count 1: sexual assault of a minor under age 14; count 3: lewdness with a child under age 14; and count 4: attempted sexual assault of a minor under age 14 (exhibit 54).[1] The state district court sentenced him as follows: count 1 - life with the possibility of parole after 240 months: count 3 – life with the possibility of parole after 120 months, to run concurrently with count 1; and count 4 – 96 months with the possibility of parole after 38 months, to run consecutively to counts 1 and 3. Exh. 58. Judgment of conviction was entered on December 7, 2009. *Id.*

---

[1] The exhibits referenced in this order are exhibits to respondents' first motion to dismiss, ECF No. 11, and are found at ECF Nos. 12-17.

1

The Nevada Supreme Court affirmed DeCastro's convictions on February 24, 2012, and remittitur issued on March 20, 2012. Exhs. 100, 101.

DeCastro filed a counseled state postconviction petition for habeas corpus on August 22, 2012. Exhs. 104, 105. The state district court denied the petition on April 2, 2013. Exh. 118. On June 11, 2014, the Nevada Supreme Court affirmed the denial of the petition, and remittitur issued on July 8, 2014. Exh. 134.

On October 10, 2014, DeCastro dispatched his federal habeas petition for filing (ECF No. 4). Ultimately, this court appointed the Federal Public Defender as counsel for DeCastro, and DeCastro filed a counseled first-amended petition on January 29, 2016 (ECF No. 31). Respondents now argue that the first-amended petition does not relate back to the original petition and that petitioner failed to develop the factual basis for the claim alleged in ground 1 (ECF No. 36).

## II.     Legal Standards & Analysis

### a. Relation Back

Respondents argue that the two grounds raised in the amended petition do not relate back to the original petition and should thus be dismissed as untimely (ECF No. 36, pp. 4-6). A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005). In *Mayle*, the United States Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction or sentence. 545 U.S. at 655–64. Rather, under the construction of the rule approved in *Mayle*, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the

new claims depend upon events separate in 'both time and type' from the originally raised episodes." 545 U.S. at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. 545 U.S. at 659 and n.5; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

DeCastro filed his first-amended petition on January 29, 2016, about sixteen months after he dispatched his original petition for filing. The claims in the first-amended petition must therefore relate back to DeCastro's original petition in order to be deemed timely.

**Ground 1**

In the amended petition, DeCastro claims that his trial counsel rendered ineffective assistance in violation of his Sixth and Fourteenth Amendment rights by failing to adequately advise DeCastro of the terms of the plea and the dangers of rejecting the offer (ECF No. 31, pp. 14-16). Prior to trial, attorney Mark Cichoski negotiated a plea deal with the State, wherein DeCastro would plead guilty to two counts of attempted lewdness, which carried two sentences of five to twenty years, with the State reserving the right to argue the sentence. *Id.*

Instead, DeCastro was convicted by a jury and sentenced to serve twenty years before the possibility of parole, followed by a minimum of thirty-eight months before the possibility of parole. DeCastro argues that Cichoski failed to fully explain the mandatory sentencing that would be imposed if he was convicted. He also contends that he felt afraid, bullied and did not understand his situation. *Id.* at 15-16.

In ground 1 of the original petition, DeCastro claimed that his Fifth, Sixth, and Fourteenth Amendment rights were violated because his plea counsel rendered ineffective assistance (ECF No. 4, p. 3). DeCastro alleged that, while counsel negotiated the plea deal described above, counsel did not communicate with him about

3

his case. DeCastro stated that he was afraid, he did not understand the situation and he felt bullied. DeCastro stated that counsel's failure to communicate with him prevented him from being able to make an informed decision about the plea agreement. Also, in ground 5 of the original petition, DeCastro cited *Lafler v. Cooper*, 132 S. Ct. 1376 (2012) (a case regarding the proper remedy when a petitioner was prejudiced by counsel's ineffective assistance in advising petitioner to reject the plea offer and go to trial), and DeCastro again asserted that plea counsel was ineffective for failing to communicate with him so that he could make an informed decision about the plea deal. *Id.* at 11.

This court concludes that ground 1 of the amended petition is sufficiently tied to a common core of operative facts with grounds 1 and 5 of the original petition and does not depend upon events separate in 'both time and type' from the originally raised allegations. Ground 1 of the amended petition, therefore, relates back and is timely.

**Ground 2**

DeCastro contends that his Fourteenth Amendment rights were violated because insufficient evidence supported his conviction for attempted sexual assault (ECF No. 31, pp. 16-18). Respondents argue that DeCastro did not properly raise this claim in his original federal habeas petition.

In this court's order dated November 19, 2014, the court advised petitioner that if his petition did not include all grounds he wished to raise "he should notify this court as soon as possible, perhaps by means of a motion to amend his petition to add the claim (ECF No. 3, p. 1).

Thereafter, DeCastro filed a *pro se* statement of additional claims as well as a motion for appointment of counsel (ECF No. 9). DeCastro wrote: "attached hereto is an order of affirmance from the Nevada Supreme Court on direct appeal from trial showing 7 additional claims that I am unable to formulate for federal court review." *Id.* DeCastro attached the Nevada Supreme Court order affirming his convictions; one claim

4

DeCastro raised on appeal to the state supreme court was that insufficient evidence supported his conviction for attempted sexual assault (ECF No. 9, pp. 11-13). Based on DeCastro's filings and the information he provided in his motion for appointment of counsel, this court subsequently determined that DeCastro appeared unable to represent himself and appointed counsel in order to ensure due process.

This court determines that DeCastro's attempted *pro se* statement of additional claims, construed liberally, is fairly viewed as part of the original petition. Accordingly, ground 2 of the amended petition relates back and is timely.

### b. Factual Basis for Ground 1

Respondents also argue that amended ground 1 should be dismissed because DeCastro makes specific factual allegations that were not developed during an evidentiary hearing in state court (ECF No. 36, pp. 6-7). DeCastro's supplemental state postconviction petition raised the claim that is currently before this court as federal amended ground 1: the claim that trial counsel was ineffective for failing to completely and effectively explain the plea negotiations and the potential mandatory sentence which would be imposed if DeCastro was convicted of all counts. Exh. 105, pp. 25-26, 39-40. The state district court heard arguments as to whether to grant an evidentiary hearing, denied an evidentiary hearing, and denied the petition on the pleadings. Exh. 110. DeCastro then presented the claims to the Nevada Supreme Court in his appeal of the denial of the state petition. Exh. 130, pp. 47-48. Accordingly, DeCastro has raised the same factual allegations to the Nevada Supreme Court that he raises in federal amended ground 1. Respondents' argument that amended ground 1 is subject to dismissal at this time for failure to develop a factual record lacks merit.

### III.  Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 36) is **DENIED**.

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45) days** to file an answer to the first-amended petition.

5

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** after the date of service of the answer in which to file the reply in support of the petition.

Dated: This 16th day of February, 2017.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE